Case 4:16-cv-01945 Document 8 Filed in TXSD on 07/13/16 Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
July 14, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREG HOLMES, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-1945 |
| | § | |
| SCAN-SHIPPING INC, | § | |
| | § | |
| Defendant. | § | |

## ORDER AND OPINION

Pending before the Court is Plaintiffs' Original Complaint and Application for Injunctive Relief. (Document No. 1). Defendant has not filed a response. The Court held an injunction hearing on July 13, 2016 at 10:00am. Having considered Plaintiffs' filing, the facts in the record, the arguments made at the hearing, and the applicable law, the Court concludes Plaintiffs' Request for a Preliminary Injunction (Document No. 1) should be granted.

**Background**

The Plaintiffs in this case arranged to have their "unique household goods" shipped from the Port of Poti in the country of Georgia to the Port of Houston, Texas, to be off-loaded and sent overland to Edmund, Oklahoma, the Plaintiffs' residence. (Document No. 1 at 2-3). Mediterranean Shipping Company S.A. ("MSC") transported a shipping container with Plaintiffs' items ("the cargo") from the Port of Poti to the Port of Houston. *Id*. at 3. Then, Defendant "was to deliver the container overland from Houston, Texas to the final destination in Oklahoma." *Id*.

The items arrived at the Port of Houston on January 7, 2016. Upon arrival, the shipping container containing Plaintiffs' items were randomly chosen for inspection and therefore placed

"on hold" until January 12, 2016, when the hold was lifted and the cargo were transferred to customs for clearance. Customs did not clear the cargo until January 28, 2016, due to issues with documentation. During this time demurrage charges and other fees were accruing for container. *Id*. at 4. At some point after customs cleared the container, Defendant moved the cargo from the port site to a storage site in Harris County, Texas, and "demanded Plaintiffs to pay the excess fees and demurrage charges before Defendant Scan-Shipping would complete the delivery to the final destination in the State of Oklahoma." *Id*. Once the items were moved to the storage facility, Plaintiffs allege that Defendant "began to charge the Plaintiffs $500.00 USD per diem" for storing the goods, and notified Plaintiffs that disposal of their property would occur if Plaintiffs did not produce payment. *Id*. at 5-6. Plaintiffs have had several discussions with Defendant regarding the charges, but the parties have failed to come to an agreement. The items remain in Defendant's storage facility, storage charges, the actual amount in dispute, continue to accrue, and Defendants have notified the Plaintiffs that they intend to dispose of the stored items.

On June 21, 2016 Defendant sent Plaintiffs a demand for payment of $23,809.53, and threatened to take legal action against Plaintiffs if they failed to pay within five days. (Document No. 1-2, Exhibit 11). In response, Plaintiffs filed their Complaint and Application for Injunctive Relief. (Document No. 1). In the Complaint, Plaintiffs have asserted a charge of conversion against Defendants, alleging that Defendant "wrongfully exercised dominion and control over the property by using it in a way that departed from the conditions under which it was received." *Id*. at 7. Plaintiffs sole request at this juncture is injunctive relief to prevent Defendant from destroying their property, until a trial on the merits.

After the filing of Plaintiffs' Complaint and Application for Injunctive Relief, the Court entered a Temporary Restraining Order (Document No. 2, the "TRO") on July 1, 2016, ordering

that Defendant be restrained from disposing of Plaintiffs' property. Pursuant to the TRO, Plaintiffs filed a bond of $23,809.53. *Id*. The TRO was originally drafted to last until the hearing on July 6, 2016, but the parties postponed that hearing one week, to July 13, 2016, and agreed to continue the TRO until that time. (Document No. 7).

**Legal Standard**

To warrant a preliminary injunction under Fed. R. Civ. P. 65, a party must show four elements: (1) a substantial likelihood of success on the merits of its claims; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury if the injunction is denied will outweigh any harm that will result if the injunction is granted; and (4) that the granting of an injunction will not disserve the public interest. *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). The movant must "clearly carr[y] the burden of persuasion on all four requirements." *PCI Transp. Inc. v. Fort Worth & W.R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005). A preliminary injunction is an "extraordinary remedy" that should not be granted unless the movant has "clearly carried the burden of persuasion on all four requirements." *Nicols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). The court has the discretion whether to grant or deny an injunction. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

**Discussion**

 a. *Substantial likelihood of success*

The Court believes that Plaintiffs have sufficiently demonstrated a substantial likelihood of success on their conversion claim to warrant a preliminary injunction under the circumstances of this case. "Conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with, the owner's rights." *Freezia v. IS Storage Venture, LLC*, 474 S.W.3d 379, 386-87 (Tex. App. 2015)

(citation omitted). "The elements of conversion are: (1) the plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) the defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with the plaintiff's rights; and (3) the defendant refused the plaintiff's demand for return of the property." *Id*.

The first element is not disputed. Regarding the second element, Plaintiffs allege that Defendant did not have authority or permission to move Plaintiffs' items to the storage facility in Houston.[1] (Document No. 1 at 7). The hearing revealed that the ultimate dispute between the parties is over the timeliness of the paperwork necessary for the cargo container to clear customs. The sole witness, Plaintiff Mrs. Holmes, who had made the arrangements with Defendant to clear the cargo through customs and then transport it to Oklahoma, testified that she had timely provided the paperwork, and the delay between January 12, when the cargo was "on hold," and January 28, when the cargo cleared customs, was the fault of the Defendant. Plaintiffs argue that for that reason, they should not be responsible for the resulting demurrage charges.

Regarding the third element, Plaintiffs state that "a demand for the return of the property would have been useless because Defendant Scan-Shipping sent notice to the Plaintiffs that the Plaintiffs' property will be disposed of at the Defendant's discretion. This created a concern that any such demand for return of the property would cause the Defendant Scan-Shipping to dispose of the personal property post haste before any court injunction could be granted and enforced." *Id*. A demand for return of the property may not be necessary, if the party in possession of the items "has unequivocally exercised acts of dominion over the property inconsistent with the claims of the owner or the person entitled to possession." *Sharpe v. Roman Catholic Diocese of Dallas*, 97 S.W.3d 791, 796 (Tex. App.—Dallas 2003, pet. struck) (citation omitted). By

---

[1] Defendant does not dispute that the items were moved to the storage facility.

removing the items to the storage facility, it is arguable that Defendant exercised dominion over the items, such that a demand by Plaintiffs was not required.

### b. Irreparable injury

Mrs. Holmes testified that the personal items included the Plaintiffs' clothing and other personal effects, including their wedding photos. Plaintiffs argue that they will suffer irreparable injury if these items are destroyed by Defendant, because of the unique, personal nature of the items. (Document No. 1 at 8). Furthermore, the nature of the items precludes Plaintiffs from being compensated fully by monetary damages if their items are destroyed. *Id*. Defendant did not dispute this argument during the hearing.

The Court agrees that destruction of Plaintiffs' personal items would cause them irreparable harm, because the items are largely irreplaceable and contain great personal value to the Plaintiffs. *See Parks v. Dunlop*, 517 F.2d 785, 787 (5th Cir. 1975) ("It is the threat of harm that *cannot be undone* which authorizes exercise of this equitable power to enjoin before the merits are fully determined.") (emphasis added). Plaintiffs have met their burden on this factor.

### c. Weighing of harm

In this case the balance of the harm weighs in favor of Plaintiffs, who will suffer irreparable loss if their items are destroyed. Furthermore, Defendant's potential financial harm is greatly mitigated by the bond currently in place, and Defendant has not alleged any additional harm it will suffer upon issuance of the injunction.

### d. Public interest

Issuance of an injunction will not harm the public interest; this dispute is between two private parties and will not affect the public in any way.

**Conclusion**

For the foregoing reasons, it is hereby

ORDERED that Plaintiffs' Request for Injunctive Relief (Document No. 1) is GRANTED. Defendant Scan-Shipping, Inc., its officers, agents, servants, employees and attorneys, and all persons acting in concert with them are restrained from disposing, destroying, or otherwise causing harm to Plaintiffs' personal property until a ruling at the conclusion of a trial on the merits, scheduled for October 4, 2014.

It is also ORDERED that Plaintiffs' bond of $23,809.53 will remain in the Court's Registry until the resolution of this matter.

SIGNED at Houston, Texas, this 13th day of July, 2016.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE